IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MU'MIT MUHAMMAD, | : | |
|     Petitioner | : | |
| | : | No. 1:17-cv-00548 |
| v. | : | |
| | : | (Judge Rambo) |
| TAMMY FERGUSON | : | |
|     Respondent | : | |

## **MEMORANDUM**

On June 28, 2016, Petitioner Keith Drain a.k.a Mu'mit Muhammad ("Petitioner"), an inmate at the State Correctional Institution at Benner, Bellefonte, Pennsylvania ("SCI-Benner"), filed what he entitled a "motion for writ of habeas corpus," in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1.) After Petitioner's motion for leave to proceed in forma pauperis was granted (Doc. No. 2), the Court directed Petitioner to complete the appropriate habeas corpus forms. On February 14, 2017, Petitioner filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254, utilizing the appropriate habeas corpus petition form. (Doc. Nos. 9 and 10.) On March 29, 2017, Petitioner's case was transferred from the United States District Court for the Western District of Pennsylvania to the Middle District of Pennsylvania. (Doc. No. 13.)

The Court issued an Administrative Order on April 3, 2017, informing Petitioner of the limitations upon his right to file another habeas petition in the

1

future if his current petition was considered on the merits by the Court. (Doc. No. 14.) On June 8, 2017, the Court issued a show cause Order upon Respondent. (Doc. No. 16.) Respondent subsequently filed an answer to the petition, along with a brief and exhibits on October 27, 2017. (Doc. No. 26.) After the Court granted Petitioner several motions for extensions of time in which to file a traverse, on April 25 and May 7, 2018, Petitioner filed a traverse and exhibits. (Doc. Nos. 37, 38, 39.) Accordingly, this matter is ripe for disposition. For the reasons set forth below, the petition will be denied.

I.  **STATEMENT OF THE CASE**

   A.  **Procedural History**

While serving a fifteen-to-thirty year prison sentence for robbery, Petitioner assaulted a corrections officer with a broom handle while incarcerated at SCI-Rockview. (Doc. No. 26-1); Commonwealth of Pa v. Drain, No. CP-14-CR-987-2005 (C.C.P. Centre Cty.). Petitioner was charged with aggravated assault and on September 24, 2008, "a jury found him not guilty of causing serious bodily injury to a corrections officers but guilty of attempting to cause serious bodily injury to a corrections officer, causing bodily injury to a corrections officer, assault by prisoner, and simple assault." (Id.)

The Commonwealth filed a "Notice of Intent to Seek Mandatory Sentence under 42 Pa.C.S.A § 9714(a)"[1] on November 10, 2008. (Id.) On December 15, 2008, the trial court held a sentencing hearing and after considering evidence of Petitioner's 1988 conviction of aggravated assault and 1998 conviction of robbery, as well as Petitioner's pre-sentence investigation report, the court sentenced Petitioner to a minimum of twenty-five (25) years and a maximum of fifty (50) years imprisonment to run consecutive to an earlier sentence imposed by the Beaver County Court of Common Pleas, Pennsylvania. (Doc. No. 26-5); <u>Commonwealth of Pa v. Drain</u>, No. 830 MDA 2009 (Pa. Super. Ct. Aug. 10, 2010). The trial court also ordered Petitioner to pay $3,028.06 in restitution. (Id.)

On December 23, 2008, Petitioner timely filed post-sentence motions. (Id.) After a hearing was conducted by the trial court, it denied Petitioner's motions on April 22, 2009. (Id.) On May 12, 2009, Petitioner filed a timely direct appeal with the Superior Court of Pennsylvania, raising the following issues: (1) Whether the trial court erred by denying Petitioner's challenge to the manner in which juries are summoned and composed in Centre County; (2) Whether the trial court erred by concluding that the Commonwealth met its burden of proving the predicate offenses for imposition of a "three strikes" sentence; and (3) Whether the trial

---

[1] This provision is referred to as the "three-strikes law." (Id.)

court erred by ordering the payment of restitution to the Commonwealth of Pennsylvania. (Id.)

On August 10, 2010, the Superior Court affirmed Petitioner's judgment of sentence and on August 9, 2011, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Id.) On August 10, 2012, Petitioner filed a petition for Post-Conviction Relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 et seq., and an amended PCRA petition on March 17, 2016. (Doc. No. 26-4 at 45, 69.) It appears that Petitioner raised ten (10) separate issues on PCRA review. (Doc. No. 26-4 at 61-64). While the PCRA petition was pending before the PCRA court, on June 28, 2016, Petitioner filed the instant habeas petition. (Doc. No. 1.) On May 8, 2017, the PCRA court issued a notice of intention to dismiss Petitioner's PCRA petition and on June 14, 2017, dismissed the PCRA petition. (Doc. No. 26-4 at 61, 66.) Petitioner did not file an appeal with the Superior Court of Pennsylvania.

### B. Habeas Claims Presented

The Court construes Petitioner's habeas corpus petition as raising the following claims:

1. Whether Petitioner received an illegal sentence of 25-50 years pursuant to the three-strikes law;

2. Whether counsel was ineffective for failing to object to sentencing under the three-strikes law and failing to amend or have an evidentiary hearing within a timely matter; and

4

3. Whether the trial court erred in failing to inform the jury of Petitioner's sentencing under the three-strikes law.

(Doc. Nos. 9, 10.)

## II. STANDARD OF REVIEW

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

## III. DISCUSSION

It is first necessary to determine whether Petitioner's claims presented in his habeas petition are cognizable in a federal habeas proceeding and whether they have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default.

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before

seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. See, e.g., Castille v. Peoples, 489 U.S. 346, 351(1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996), abrogated on other grounds by Beard v. Kindler, 558 U.S. 53 (2009); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner has the burden of establishing that the exhaustion requirement has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claim prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (3d Cir. 1997); Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995). Nevertheless, a petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

Turning to procedural default, if a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review, the federal court will excuse the failure to exhaust and treat the claims as exhausted. Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991); Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either: (1) "cause" for the procedural default and "actual prejudice" as a result of the alleged violation of federal law; or (2) failure to consider the claims will result in a "fundamental miscarriage of justice." See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750; Caswell v. Ryan, 953 F.2d 853, 857, 861-62 (3d Cir. 1992). To satisfy the first exception, a petitioner must show: (1) cause for his failure to raise his claim in state court; and (2) prejudice to his case as a result of that failure. Coleman, 501 U.S. at 750. To demonstrate "cause" for a procedural default, the petitioner must show that something "external" to the defense impeded the petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Once "cause" has been successfully

7

demonstrated, a petitioner must then prove "prejudice." "Prejudice" must be something that "worked to [petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Alternatively, a federal court may excuse a procedural default when the petitioner establishes that failure to review the claim will result in a fundamental miscarriage of justice. See Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000).

Respondent contends that all of Petitioner's claims were not properly exhausted in state court and it now appears that Petitioner can no longer bring these claims in state court. Thus, the claims would also be procedurally defaulted. See 42 Pa.C.S.A. § 9545(b). Petitioner first claims that he was illegally sentenced to 25-50 years pursuant to the three-strikes law. After careful review of the record, the Court finds that this issue was not raised by Petitioner on direct appeal. On direct appeal, Petitioner challenged whether the Commonwealth met its burden of proving the predicate offenses for imposition of a three-strikes sentence, not whether his sentence was illegal. (Doc. No. 26-5); Drain, No. 830 MDA 2009.

In claim three of his instant petition, Petitioner argues that it was error for the jury not to be informed of his sentencing under the three-strikes law. Petitioner did not raise this on direct appeal. However, as to claims one and three, it appears that Petitioner challenged the legality of his sentence in his PCRA petition and amended petition. (Doc. No. 26-4, at 63, 64, 66.) However, as set forth above,

Petitioner did not appeal the PCRA court's denial of either claim to the Superior Court and therefore, Petitioner has not exhausted either claim. Moreover, Petitioner no longer has the procedural means to raise these claims in the state courts as the PCRA's one-year statute of limitations period has expired and he cannot now raise the stated claims in state court. See 42 Pa.C.S.A. § 9545(b) (petition must be filed within one year of the date judgment becomes final. Judgment becomes final at the conclusion of direct review). Thus, Petitioner has procedurally defaulted these claims and this Court cannot consider them. See Collins, 742 F.3d at 543 ("[I]n order to satisfy exhaustion, a state habeas petitioner must present the 'substantial equivalent' of his federal claim to the state courts in order to give the state courts 'an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'") (quoting Picard v. Connor, 404 U.S. 270, 277-78 (1971)).

Petitioner's second claim is that his counsel was ineffective for failing to object to sentencing under the three-strikes law and failing to amend or have an evidentiary hearing within a timely matter. Respondent contends, and the Court agrees, that Petitioner has not exhausted this claim in state court. Specifically, it does not appear that Petitioner raised this claim in his PCRA petition and even if he had, Petitioner failed to appeal the PCRA court's denial of his petition to the Superior Court. Because this claim was not raised in the state courts and Petitioner

can no longer present this claim to the state court, claim two is procedurally defaulted and must be dismissed.

Finally, Petitioner does not advance any argument for cause for the default and actual prejudice. See Coleman, 501 U.S. at 750. Petitioner does, however, make a vague argument that there exists "newly discovered evidence which exonerates" him. (Doc. No. 10 at 4.) In support of this argument, Petitioner states that he "has been informed of [an] available eye witness['s] testimony that exonerates" him. (Id.) The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S.478, 496 (1986). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1988). To establish such a claim, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Further, actual innocence "does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." Id. at 329.

Here, Petitioner has failed to support his claim with any evidence of factual innocence whatsoever that would show that the failure to consider his claim would result in a fundamental miscarriage of justice. His unsupported averment that he "has been informed" of an "available eyewitness" fails to provide who this eyewitness is, whether he or she is credible, and what the eyewitness would testify to that would "exonerate" Petitioner. The Court cannot conclude that Petitioner has made the extraordinary showing that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt with the complete lack of support Petitioner provides. Accordingly, the Court will dismiss the petition on the basis of procedural default.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). In

the instant matter, jurists of reason would not find the disposition of Petitioner's petition debatable. As such, no COA will issue.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be denied and a COA will not issue. An appropriate Order follows.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: June 12, 2018